**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

IRINEO RUIZ-CISNEROS,

        Petitioner,

  v.

ROBERT M. WILKINSON, Acting
Attorney General,

        Respondent.

No.    15-71721

Agency No. A036-642-261

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Irineo Ruiz-Cisneros, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We deny the petition for review.

Ruiz-Cisneros does not challenge the agency's dispositive determination that his convictions for attempted premeditated murder and conspiracy to commit murder in violation of California Penal Code §§ 664 and 187(a), and 182(1) and 187(a), are aggravated felonies that make him statutorily ineligible for asylum.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  He also does not challenge the agency's dispositive determination that his convictions are particularly serious crimes that make him ineligible for withholding of removal and CAT withholding.  *See id.*

Substantial evidence supports the agency's denial of deferral of removal under CAT because Ruiz-Cisneros failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture speculative); *Delgado-Ortiz v. Holder*, 600 F.3d 1148,

//

1152 (9th Cir. 2010) (generalized evidence of violence and crime in petitioner's home country was insufficient to meet standard for CAT relief). His contention that the agency did not apply the proper legal standard is unsupported.

**PETITION FOR REVIEW DENIED.**